**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHARLES SWEENEY | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:05-cv-0046-RLY-WGH |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

The petitioner's motion for relief from judgment filed on November 22, 2005, is **denied.** The reasons for this ruling are the following:

*First,* a full explanation of the basis for the disposition in this action was provided in the Entry issued on April 4, 2005:

> Sweeney is confined at the United States Penitentiary at Terre Haute, Indiana, serving the executed portion of a sentence imposed by this court on October 8, 1992, following his plea of guilty to the use of a bomb in connection with a crime of violence, a violation of 18 U.S.C. § 924(c)(1). He has failed to secure collateral relief from that conviction pursuant to 28 U.S.C. § 2255. In the prior habeas action brought pursuant to 28 U.S.C. § 2241(c)(3), No. TH 01-239-C-Y/H, Sweeney used the "escape hatch" of § 2255 to assert a claim of actual innocence in light of Jones v. United States, 529 U.S. 848 (2000). This is true as a matter of judicial records, of which this court may take judicial notice, *Green v. Warden, United State Penitentiary*, 699 F.2d 364, 369 (7th Cir.), *cert. denied*, 461 U.S. 960 (1983), and it is true as a matter of the explicit allegation in paragraph 8 on page 3 of the habeas petition in the present case. It is indisputable that the habeas action in No. TH 01-239-C-Y/H was dismissed for lack of jurisdiction. Sweeney was dissatisfied with the adjudication in No. TH 01-239-C-Y/H. He appealed. The disposition in No. TH 01-239-C-Y/H was affirmed on appeal. Sweeney is dissatisfied with the adjudication of the appeal. Sweeney presents the same Jones claim in this case as in No. TH 01-239-C-Y/H. The claim in this action is presented on pages 5 and 8-11 of the habeas petition. As explained in the preceding paragraph, the Jones claim was presented in No. TH 01-239-

CY/H. Sweeney's dissatisfaction with the resolution of the previous case does not give him license to start anew, particularly in light of the appellate challenge to this court's resolution of the petition in No. TH 01-239-C-Y/H. The foregoing explanation makes quite clear why the brief reference to the prior adjudication as warranting the same disposition in this case was a perfectly sufficient and correct explanation for the disposition here. *Fischel v. Equitable Life Assurance Soc'y of the U.S.,* 307 F.3d 997, 1005-06 (9th Cir. 2002) (a district court's decision that it lacks subject matter jurisdiction over a plaintiff's claim precludes the plaintiff from relitigating the issue of jurisdiction in a later action). The foregoing explanation makes equally clear why Sweeney's contention that "the reasons for the court's denial [in this case] bear[ ] no resemblance whatsoever to the claim presented in the petition" is itself manifestly incorrect. The foregoing explanation illustrates the role of 28 U.S.C. § 2244(a), which bars successive petitions under § 2241 directed to the same issue. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *George v. Perrill,* 62 F.3d 333, 334 (10th Cir. 1995); *United States v. Tubwell,* 37 F.3d 175, 177-78 (5th Cir. 1994).

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the petitioner's claim, nor did it misapply the law to that claim in light of the pertinent law and the expanded record. For these reasons, therefore, the petitioner's postjudgment motion for reconsideration, treated as a motion to alter or amend judgment, is denied.

*Second,* the present contention, made in the petitioner's motion filed on November 22, 2005, could be understood as contending that this court committed legal error in dismissing the action, but such an understanding would not advance his purpose, nor would it even establish the court's ability to consider such an argument. *See Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."). *Third,* the petitioner filed an appeal from the final disposition in this action. The appeal was docketed as No. 05-2661, and in an Order issued on October 17, 2005, the Court of Appeals made the following observation: "Because this petition is Sweeney's third collateral attack and is unauthorized, the district court properly dismissed it for lack of jurisdiction under *Nunez [v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)]. Granting the petitioner the relief sought in his Rule 60(b) motion would contradict the finding of the Court of Appeals, and hence is beyond the authority of this court to do. *Fourth,* the circumstances of this case do not support application of the savings clause of 28 U.S.C. § 2255. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003).

**IT IS SO ORDERED.**

Date: 11/30/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Office of the United States Attorney
10 West Market Street    Suite 2100
Indianapolis, IN   46204-3048

Charles E. Sweeney, Jr.
Reg. No. 03994-028
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808